| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| Southern District of New York *(State)* |
| Case number *(if known)*: _____ Chapter __11__ |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy       04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's Name**  UTAC Dongguan Ltd.

**2. All other names debtor used in the last 8 years**  ASAT Semiconductor (Dongguan) Limited

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  914419007684216386

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 11 Martine Avenue, 12th Floor | Zhen-An Hi-Tech Industrial Park, Zhen-An Road |
| Number    Street | Number    Street |
| | P.O. Box |
| White Plains, NY 10606 | Chang-An Town, Dongguan City, Guangdong Province, PRC 523850 |
| City    State    Zip Code | City    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| Westchester County | |
| County | Number    Street |
| | |
| | City    State    Zip Code |

**5. Debtor's website (URL)**  https://www.utacgroup.com/

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:

---

Official Form 201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     page 1

Debtor _____UTAC Dongguan Ltd._____    Case number *(if known)*_____
       Name

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check One:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the above |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | | **3344 - Semiconductor and Other Electronic Component Manufacturing** |
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | | ☒ Chapter 11.  *Check all that apply:* |
| | |     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that). |
| | |     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | |     ☒ A plan is being filed with this petition. |
| | |     ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | |     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | |     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

| | | |
|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No    ☐ Yes.  District _____  When _____ MM/DD/YYYY  Case number _____ |
| | If more than 2 cases, attach a separate list. | District _____  When _____ MM/DD/YYYY  Case number _____ |
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No    ☒ Yes.  Debtor **See Rider 1**  Relationship **Affiliate** |
| | List all cases.  If more than 1, attach a separate list. | District **Southern District of New York**  When **12/17/2017** MM / DD / YYYY |
| | | Case number, if known _____ |

Debtor    UTAC Dongguan Ltd.                                   Case number *(if known)*
         Name

**11. Why is the case filed in *this* district?**   *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                         Number    Street

_____
City                    State    Zip Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency  _____
         Contact name      _____
         Phone             _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*
☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49            ☒ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99           ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199         ☐ 10,001-25,000      ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☒ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion

---

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy            page 3

Debtor  UTAC Dongguan Ltd.  Case number *(if known)*
         Name

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **12/17/2017**
                MM/ DD / YYYY

✗   **/s/ *Michael E. Foreman***              **Michael E. Foreman**
     Signature of authorized representative of debtor    Printed name

    Title   **Authorized Officer**

**18. Signature of attorney**

✗   **/s/ *Marc Kieselstein***      Date   **12/17/2017**
     Signature of attorney for debtor              MM/ DD/YYYY

**Marc Kieselstein**
Printed name

**Kirkland & Ellis LLP**
Firm name

**601 Lexington Avenue**
Number           Street

**New York**                                    **NY**         **10022**
City                                             State         ZIP Code

**(212) 446-4800**                              **marc.kieselstein@kirkland.com**
Contact phone                                    Email address

**4897302**                                     **New York**
Bar number                                       State

**Fill in this information to identify the case**:

United States Bankruptcy Court for the:
_____Southern District of New York_____
(State)

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an amended filing

# Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Global A&T Electronics Ltd.

- Global A&T Electronics Ltd.
- Global A&T Finco Ltd.
- UGS America Sales Inc.
- United Test and Assembly Center Ltd.
- UTAC (Shanghai) Co., Ltd.
- UTAC (Taiwan) Corporation
- UTAC Cayman Ltd.
- UTAC Dongguan Ltd.
- UTAC Group Global Sales Ltd.
- UTAC Headquarters Pte. Ltd.
- UTAC Hong Kong Limited
- UTAC Thai Holdings Limited
- UTAC Thai Limited

## UTAC DONGGUAN LTD.

December 14, 2017

**WHEREAS**, the Board of Directors (the "Board") of UTAC Dongguan Ltd. (the "Company") considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully considered each of the strategic alternatives available to the Company;

**WHEREAS**, the Company negotiated and, as of November 2, 2017, entered into the Global Settlement, Forbearance, Restructuring Support Agreement (the "Restructuring Support Agreement"), which agreement contemplates a comprehensive restructuring of the Company's capital structure on the terms set forth therein; and

**WHEREAS**, after careful consideration the Board determined that the Company's entry into the Restructuring Support Agreement and the performance of the transactions contemplated thereby was in the best interests of the Company and its stakeholders.

### Restructuring Support Agreement; Chapter 11 Plan; Solicitation

**NOW, THEREFORE, BE IT RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its stakeholders, its creditors, and other parties in interest, to have entered into the Restructuring Support Agreement and that the Company's performance of its obligations under the Restructuring Support Agreement (including the negotiation and documentation of the Plan and commencement of the prepackaged solicitation of the Plan and Disclosure Statement (as such terms are defined in the Restructuring Support Agreement), and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto, hereby is, in all respects approved and ratified with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by the Board.

### Chapter 11 Filing

**RESOLVED FURTHER**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file or cause to be filed the voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court").

**RESOLVED FURTHER**, that any duly appointed officer of the Company, including William John Nelson, Shawn Kelly, and Michael E. Foreman (each, an "Authorized Officer," and, collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file

on behalf of the Company all petitions, schedules, lists, and other motions, objections, replies, applications, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Company's businesses or to assist the Company in the Chapter 11 Cases and in carrying out its duties under the provisions of the Bankruptcy Code.

**RESOLVED FURTHER**, that each Authorized Officer and any employees, agents, attorneys, investment bankers, accountants, advisors, and other professionals designated by or directed by any such Authorized Officer, be, and each hereby is, authorized, empowered and directed to execute and file, or cause to be executed or filed, all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such case.

### Retention of Professionals

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized and directed to employ Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings and, in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of K&E.

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized and directed to employ Moelis & Company Asia Limited and Moelis & Company LLC (collectively, "Moelis"), and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Moelis.

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized and directed to employ Alvarez & Marsal North America, LLC and its affiliate Alvarez & Marsal (SE Asia) Pte. Ltd. (collectively, "A&M"), and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of A&M.

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized and directed to employ Prime Clerk LLC as notice, claims, and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each Authorized

Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of Prime Clerk LLC.

**RESOLVED FURTHER**, that each Authorized Officer is authorized and directed to employ any other attorneys, investment bankers, accountants, restructuring professionals, experts, advisors, and other professionals to assist the Company in carrying out its duties under the Bankruptcy Code and, in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of any other attorneys, investment bankers, accountants, restructuring professionals, experts, advisors, and other professionals as necessary, appropriate or desirable.

### Cash Collateral

**RESOLVED FURTHER**, that the Board has determined that the Company will obtain benefits from the incurrence of the obligations and the occurrence and consummation of the transactions contemplated by the terms on which the Company may continue to use cash collateral during the Chapter 11 Cases) to be negotiated by the Authorized Officers on or before the commencement of the Chapter 11 Cases (the "Financing Order").

**RESOLVED FURTHER**, that the form, terms, and provisions of the Financing Order, and the transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and any Designated Officer or other officer of the Company is hereby authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the Financing Order and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively with the Financing Order, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as a Designated Officer executing the same shall approve.

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtors and debtors in possession, to take such actions as in their discretion are determined to be necessary, desirable, or appropriate to execute, deliver, and file (a) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the transactions contemplated by the Financing Documents; (b) all petitions, schedules, lists, and other motions, papers, or documents, which shall in their sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his or their execution thereof; (c) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Company's noteholders; and (d) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the Financing Documents.

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the indenture trustee to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the indenture trustee deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the indenture trustee may reasonably request to perfect the security interests of the indenture trustee under the Financing Documents.

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Documents and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the Financing Documents or any of the transactions contemplated by the Financing Documents and to fully carry out the intent of the foregoing resolutions.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof.

## General

**RESOLVED FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice.

**RESOLVED FURTHER**, that, consistent with the foregoing resolutions, each Authorized Officer is hereby authorized, directed, and empowered, in such Authorized Officer's discretion, on behalf of and in the name of the Company, as applicable, to (a) prepare, execute, and deliver or cause to be prepared, executed, and delivered, and where necessary, appropriate or desirable, file, or cause to be filed with the appropriate governmental authorities, all other agreements, instruments, and documents, including all certificates, contracts, bonds, receipts, or other papers, (b) incur and pay or cause to be paid all fees, expenses, and taxes, including legal fees and expenses, (c) engage such persons as such Authorized Officer shall in his judgment determine to

be necessary, appropriate, or desirable, and (d) do any and all other acts and things as such Authorized Officer deems necessary, appropriate, or desirable to carry out fully the intent and accomplish the purposes of the foregoing resolutions and each of the transactions contemplated thereby (and the doing of any such act or thing shall be conclusive evidence that the same is deemed necessary, appropriate, or desirable).

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by the Board.

**RESOLVED FURTHER**, that each Authorized Officer is authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the foregoing resolutions.

********

**IN WITNESS WHEREOF**, I attest that the Board adopted the foregoing resolutions with respect to the Company as of the date written above.

By: _____
Name: Michael E. Foreman
Title:   General Counsel and
           an Authorized Officer

[*Signature Page to Written Consent in Lieu of a Meeting of the Board of Directors of
UTAC  Dongguan Ltd.*]

**Fill in this information to identify the case:**

Debtor name: Global A&T Electronics Ltd., *et al.*

United States Bankruptcy Court for the: Southern District of New York

Case number (*If known*): _____ (State)

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 1 | Affiliates of Brigade Capital Management L.P.<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 2 | Tasman Fund LP<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 3 | AB SICAV II – Multi Strategy Alpha Portfolio<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |

---

[1]    The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

Debtor Global A&T Electronics Ltd., *et al.*                                   Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 4 | Delta Master Trust<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 5 | SC Credit Opportunities Mandate, LLC<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 6 | Texas Absolute Credit Opportunities Strategy LP<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 7 | U.S. High Yield Bond Fund<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 8 | Affiliates of SEI Institutional Group<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 9 | The Coca-Cola Company Master Retirement Trust<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |

Debtor Global A&T Electronics Ltd., *et al.*   Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 10 | AllianceBernstein Cap Fund, Inc. – Alliance Bernstein Multi-Manager Alternative Strategies Fund<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 11 | FS Investment Corporation<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 12 | Cobbs Creek LLC<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 13 | Burholme Funding LLC<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 14 | Green Creek LLC<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 15 | Blackstone / GSO Strategic Credit Fund<br>Blackstone / GSO Long-Short Credit Income Fund<br>c/o Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Thomas Redburn<br>tredburn@lowenstein.com<br>(p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 16 | IP All Seasons Asian Credit Fund  c/o Lowenstein Sandler LLP  One Lowenstein Drive  Roseland, NJ 07068 | Thomas Redburn  tredburn@lowenstein.com  (p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 17 | Southpaw Credit Opportunity Master Fund LP  c/o Lowenstein Sandler LLP  One Lowenstein Drive  Roseland, NJ 07068 | Thomas Redburn  tredburn@lowenstein.com  (p) 973-597-2456 | Litigation Claim | Unliquidated | | | Unliquidated |
| 18 | Affiliates of Marble Ridge Capital L.P.  c/o Brown Rudnick LLP  Seven Times Square  New York, NY 10036 | Sigmund S. Wissner-Gross  swissner-gross@brownrudnick.com  (p) 212-209-4930 | Litigation Claim | Unliquidated | | | Unliquidated |
| 19 | Affiliates of KLS Diversified Asset Management L.P.  c/o Brown Rudnick LLP  Seven Times Square  New York, NY 10036 | Sigmund S. Wissner-Gross  swissner-gross@brownrudnick.com  (p) 212-209-4930 | Litigation Claim | Unliquidated | | | Unliquidated |
| 20 | Affiliates of Taconic Capital Advisors L.P.  c/o Brown Rudnick LLP  Seven Times Square  New York, NY 10036 | Sigmund S. Wissner-Gross  swissner-gross@brownrudnick.com  (p) 212-209-4930 | Litigation Claim | Unliquidated | | | Unliquidated |
| 21 | Alden Global Opportunities Master Fund, L.P.  c/o Brown Rudnick LLP  Seven Times Square  New York, NY 10036 | Sigmund S. Wissner-Gross  swissner-gross@brownrudnick.com  (p) 212-209-4930 | Litigation Claim | Unliquidated | | | Unliquidated |

Debtor Global A&T Electronics Ltd., *et al.*  Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 22 | Millstreet Credit Fund L.P.  c/o Brown Rudnick LLP  Seven Times Square  New York, NY 10036 | Sigmund S. Wissner-Gross  swissner-gross@brownrudnick.com  (p) 212-209-4930 | Litigation Claim | Unliquidated | | | Unliquidated |
| 23 | Ronin Trading Europe LLP  c/o Brown Rudnick LLP  Seven Times Square  New York, NY 10036 | Sigmund S. Wissner-Gross  swissner-gross@brownrudnick.com  (p) 212-209-4930 | Litigation Claim | Unliquidated | | | Unliquidated |
| 24 | Mercer QIF Fund plc-Mercer Investments Fund 1  c/o Brown Rudnick LLP  Seven Times Square  New York, NY 10036 | Sigmund S. Wissner-Gross  swissner-gross@brownrudnick.com  (p) 212-209-4930 | Litigation Claim | Unliquidated | | | Unliquidated |
| 25 | Autonomy Special Situations Trading Fund Limited  c/o Brown Rudnick LLP  Seven Times Square  New York, NY 10036 | Sigmund S. Wissner-Gross  swissner-gross@brownrudnick.com  (p) 212-209-4930 | Litigation Claim | Unliquidated | | | Unliquidated |
| 26 | Affiliates of Halcyon Capital Management L.P.  c/o Brown Rudnick LLP  Seven Times Square  New York, NY 10036 | Sigmund S. Wissner-Gross  swissner-gross@brownrudnick.com  (p) 212-209-4930 | Litigation Claim | Unliquidated | | | Unliquidated |
| 27 | HNC L.P.  c/o Brown Rudnick LLP  Seven Times Square  New York, NY 10036 | Sigmund S. Wissner-Gross  swissner-gross@brownrudnick.com  (p) 212-209-4930 | Litigation Claim | Unliquidated | | | Unliquidated |

Debtor Global A&T Electronics Ltd., *et al.*                                  Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 28 | HDML Fund II LLC c/o Brown Rudnick LLP Seven Times Square New York, NY 10036 | Sigmund S. Wissner-Gross swissner-gross@brownrudnick.com (p) 212-209-4930 | Litigation Claim | Unliquidated | | | Unliquidated |
| 29 | EG Fixed Income Fund I c/o Brown Rudnick LLP Seven Times Square New York, NY 10036 | Sigmund S. Wissner-Gross swissner-gross@brownrudnick.com (p) 212-209-4930 | Litigation Claim | Unliquidated | | | Unliquidated |
| 30 | Wazee Street Opportunities Fund IV L.P. c/o Brown Rudnick LLP Seven Times Square New York, NY 10036 | Sigmund S. Wissner-Gross swissner-gross@brownrudnick.com (p) 212-209-4930 | Litigation Claim | Unliquidated | | | Unliquidated |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UTAC DONGGUAN LTD., | ) | Case No. 17-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| UTAC Dongguan Ltd. | UTAC Cayman Ltd. | 11 Martine Avenue, 12th Floor White Plains, NY 10606 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| UTAC DONGGUAN LTD., | ) Case No. 17-_____(___) |
| Debtor. | ) |

### CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| UTAC Cayman Ltd. | 100% |

Fill in this information to identify the case and this filing:

Debtor Name          UTAC Dongguan Ltd.

United States Bankruptcy Court for the:          Southern District of New York
                                                                                                  (State)
Case number (If known):

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration_____    Corporate Ownership Statement, List of Equity Security Holders_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**12/17/2017**                                                  ☒  /s/ *Michael E. Foreman*
MM/ DD/YYYY                                            Signature of individual signing on behalf of debtor
                                                                        **Michael E. Foreman**
                                                                        Printed name
                                                                        **Authorized Officer**
                                                                        Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors